# Exhibit "A"

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made and entered into as of September 30, 2011 by Robert Hoffstetter ("Plaintiff") and Image Design Stairs, LLC ("Defendant"). Plaintiff and Defendant are collectively referred to as the "Parties" or individually as "Party."

## RECITALS

WHEREAS, Plaintiff was employed by Defendant for the period from March 2009 through May 2011; and

WHEREAS, following his voluntary resignation from Defendant's employ, Plaintiff brought an action against Defendant in the United States District Court, Northern District of Georgia, Atlanta Division, captioned *Robert Hoffstetter v. Image Design Stairs, LLC*, Civil Action File Number 1:11-cv-02477-TWT ("the Action"), asserting claims for alleged unpaid overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*; and

WHEREAS, Defendant denies liability for Plaintiff's claims as stated in the Complaint; and

WHEREAS, the parties acknowledge and agree that substantial and *bona fide* disputes exist between Plaintiff and Defendant concerning, among other issues, the number of hours for which Plaintiff is entitled to payment of overtime and the applicability of a fluctuating workweek arrangement to certain overtime hours; and

WHEREAS, the Parties discussed and have reached a settlement with respect to, the Action;

NOW, THEREFORE, IT IS HEREBY AGREED as follows:

1.  **Approval by Court**. The Parties acknowledge and agree that the legal effectiveness of this Settlement Agreement, or any discussions, representations, or promises related to the settlement of the Action, is expressly subject to the condition precedent of approval by the Court. The Parties hereby stipulate and agree that the terms and conditions set forth herein fairly and reasonably settle and compromise the *bona fide* dispute existing between the parties, and agree that they shall jointly move for approval of this Settlement Agreement by the

Court. In the event that the Court shall not approve settlement of the Action based upon the terms and conditions set forth herein, this Settlement Agreement shall be null and void, without legal effect, and the Action shall resume upon such terms and on such schedule as is in accordance with Order of the Court.

2.     **Settlement Payment.** Defendant shall pay to Plaintiff or on his behalf the total sum of fifteen thousand dollars ($15,000) in complete settlement and satisfaction of Plaintiff's claims (the "Settlement Payment"). Defendant shall make the Settlement Payment on the following terms:

(a)     Defendant shall make an initial payment in the amount of two-thousand five-hundred dollars ($2,500), which shall be designated as payment of fifty percent of Plaintiff's attorneys' fees, on or before the first (1st) day of the month following the month in which this Settlement Agreement is approved by the Court (the "First Attorneys' Fees Payment").

(b)     Defendant shall make a second payment in the amount of two-thousand five-hundred dollars ($2,500), which shall be designated as payment of the remaining fifty percent of Plaintiff's attorneys' fees, on or before the first (1st) day of the month immediately following the month in which the First Attorneys' Fees Payment is made (the "Second Attorneys' Fees Payment") (hereinafter, sometimes referred to collectively along with the First Attorneys' Fees Payment as the "Attorneys' Fees Payments").

(c)     Defendants shall not withhold any taxes or any other amounts from the Attorneys' Fees Payments.

(d)     Defendant shall make five subsequent monthly payments to Plaintiff in the gross amount of two thousand dollars ($2,000) each on or before the tenth (10th) day of each of the successive five (5) months following the due date of the Second Attorneys' Fees Payment (collectively, the "Wage Payments").

(e)     Defendant shall withhold taxes and FICA from the Wage Payments in accordance with Defendant's normal payroll practices and Plaintiff's most recent withholding instructions.

(f)     Defendant will issue an IRS Form 1099 to Plaintiff's counsel in connection with the Attorneys' Fees Payments outlined in paragraphs (a) and (b), *supra*, and a W-2 form in connection with the Wage Payments.  Plaintiff agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement.  The Plaintiff further agrees to indemnify and hold Defendant harmless from any claims, demands, deficiencies, levies, assessments, executions, judgments or recoveries by any government entity against Defendant for any amounts claimed due on account of this Agreement pursuant to claims made under any federal or state tax laws, and any costs, expenses or damages sustained by Defendant by reason of any such claims, including any amounts paid by Defendant as taxes, attorneys' fees, deficiencies, levies, assessments, fines, penalties, interest or otherwise, provided Defendant give written notice to Plaintiff within three (3) business days after receipt of any demand or communication whatsoever from any state or federal authority. Such written notice will be provided to Thomas C. Wooldridge, Wooldridge & Jezek, LLC, 1230 Peachtree Street, N.E., Suite 1900, Atlanta, GA 30309.

3.     **Dismissal Of The Action With Prejudice.**   Within five (5) business days of receipt of the final installment of the Wage Payments, Plaintiff will cause to be filed a Stipulation of Dismissal with prejudice.

4.     **Release by Plaintiff.** As a material term of this Agreement, Plaintiff acknowledges and represents that he is not aware of any basis for any claim or demand against Defendants, except for those specifically asserted in the Action, and agrees that in consideration of the Settlement Payment from Defendant, except for rights and obligations created by this Agreement, Plaintiff hereby releases and forever discharges Defendant, its present and former parents, subsidiaries, divisions, affiliates, stockholders, officers, directors, employees, agents, insurers, and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors and assigns of each of the foregoing) from any and all manner of claims, disputes, actions, liabilities, causes of actions, suits, set-offs, counterclaims, demands,

losses, and liabilities, or damages, of any nature whatsoever, based on any legal, statutory, common law or equitable theory, right of action or otherwise (whether arising under federal, state, local law or regulation or common law) which Plaintiff ever had, or now has, or may have against Defendant, including, but not limited to, any claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

5.      **Release by Defendant.**      In further consideration of the Plaintiff's dismissal with prejudice of the Action pursuant to Paragraph 3 and for other consideration provided herein, except for rights and obligations created by this Agreement, Defendant hereby releases and forever discharges Plaintiff, his heirs, executors, administrators, successors, and assigns, from any and all manner of claims, disputes, actions, liabilities, causes of actions, suits, set-offs, counterclaims, demands, losses, and liabilities, or damages, of any nature whatsoever, based on any legal, statutory, common law or equitable theory, right of action or otherwise (whether arising under federal, state, local law or regulation or common law) which Defendant ever had, now has, or may have against the Plaintiff.

6.      **Confidentiality.**  All Parties covenant and agree that at all times they will maintain the confidentiality of the terms of this Agreement, and shall not disclose the terms of this Agreement to any third party. This subsection does not prohibit the Parties' disclosure of the terms, amount, or existence of this Agreement to their, spouses, tax advisors, or attorneys, or to the extent necessary legally to enforce this Agreement, nor does it prohibit disclosures to the extent otherwise legally required.

7.      **No Disparagement.**  The Plaintiff agrees not to defame or disparage Defendant, its officers, directors, members, employees or agents.  The individual Defendant, and the officers, directors and/or members, as applicable, of the remaining Defendant, agree not to defame or disparage the Plaintiff.

8.      **No Application for Re-Employment.**      As a material inducement to Defendant's execution of this Agreement, the Plaintiff agrees that he will not seek or apply for employment with Defendant hereafter.

9.      **Warranties of Authority.** Each of the Parties warrants that the person executing this Agreement on the Party's behalf has the authority to do so.

10.     **Attorneys' Fees and Costs.**   Plaintiff and Plaintiff's counsel agree and acknowledge that they shall accept the Attorneys' Fees Payments provided in Sections 2(a) and (b) of this Agreement, respectively, as full and complete payment and satisfaction of all of Plaintiff's attorneys' fees and expenses of litigation incurred on behalf of Plaintiff in this Action, and that they do not have, and shall not assert, any claim for recovery of additional attorneys' fees or litigation expenses.

11.     **Advice of Counsel.** Each Party has received advice of counsel of his or its own choosing in the negotiations for and the preparation of this Agreement; each Party has read this Agreement, or had this Agreement read to it by its counsel; each Party has had this Agreement fully explained by its counsel and is fully aware of its contents and its legal effects. Further, each Party has made such investigation of the facts pertaining to this settlement and this Agreement, and of all matters pertaining thereto, as it deems necessary. Each Party has read this Agreement and understands the contents hereof, and expressly acknowledges that it has had an opportunity to consult with as many advisors as the party deemed necessary to ensure that it fully and completely understands this Agreement.

12.     **Representations.** The Parties expressly declare and represent that they have read this Agreement and that they have consulted with their respective counsel regarding the meaning of the terms and conditions contained herein. The Parties further expressly declare and represent that they fully understand the content and effect of this Agreement, that they approve and accept the terms and conditions contained herein, and that they enter into this Agreement willingly, knowingly, and without compulsion.

13.     **Governing Law.**   This Agreement shall be construed and interpreted in accordance with the laws of Georgia and applicable federal law, without giving effect to any internal conflict or choice of laws rules.

14.     **Binding Effect.** Each and every covenant, warranty, release and agreement contained herein shall be binding upon, and inure to the benefit of, the agents, subsidiaries,

affiliates, employees, officers, directors, assigns, and successors in interest of the Parties. This Agreement may not be relied upon for any purpose by, or create any rights in, any persons who are not a party to, or an intended beneficiary of, the Agreement.

15.   **Entire Agreement.**   This Agreement constitutes the entire, complete and integrated statement of each and every term and provision agreed to by and among the Parties and is not subject to any condition not provided for herein. This Agreement supersedes any prior representations, promises, or warranties (oral or otherwise) made by any Party, and no Party shall be liable or bound to any other Party for any prior representation, promise or warranty (oral or otherwise) except for those expressly set forth in this Agreement and the confidential letter agreement. No supplement, modification or amendment of this Agreement shall be binding unless executed in writing by all of the Parties and approved by the Court. No waiver of any provisions of this Agreement shall be deemed or constitute a waiver of any other provision, whether similar or not similar; nor shall any waiver constitute a continuing waiver. No waiver shall be binding unless set forth in writing, signed by the Party making the waiver.

16.   **Counterparts.**   This Agreement may be executed in one or more counterparts, each of which, when executed and delivered, shall be an original, and all of which together shall constitute one and the same instrument. This Agreement may also be executed by facsimile signatures which signatures shall be deemed as effective as original signatures.

17.   **No Adverse Construction.**   It is acknowledged that each Party, with the assistance of competent counsel, has participated in the drafting of this Agreement. The Parties agree that this Agreement has been negotiated at arms' length by Parties of equal bargaining power, each of whom was represented by competent counsel of its own choosing. None of the Parties hereto shall be considered to be the drafter of this Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

SO AGREED this 30TH day of September, 2011.

_____
Robert Hoffstetter

IMAGE DESIGN STAIRS, INC.

By: _____

Title: _Vice President_ _____

3096907/1
6369-80524